UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GUY ROBERT SODERLIND,

    Plaintiff,

    v.

URSULA J. HAIGH, *et al.*,

    Defendants.

No. C15-1655RSL

ORDER GRANTING CITY OF
BURIEN'S MOTION FOR PARTIAL
SUMMARY JUDGMENT

This matter comes before the Court on defendant City of Burien's "Motion for Partial Summary Judgment Declaring Street Right of Way," Dkt. # 26, in which plaintiff Guy Soderlind joins, Dkt. # 28.[1] This case arises out of a property-line dispute between a set of neighbors in the City of Burien. The sole issue on which the City and plaintiff seek summary judgment is the scope of the public right-of-way known as Southwest 172nd Street. Having reviewed the

---

[1] Since filing this motion, the City of Burien and plaintiff have stipulated to dismissal of all of plaintiff's claims against the City. Dkt. # 49. Nonetheless, plaintiff's joinder in the City's motion for partial summary judgment sustains the issue for the Court's review.

ORDER GRANTING CITY OF
BURIEN'S MOTION FOR PARTIAL
SUMMARY JUDGMENT

memoranda, declarations, and exhibits submitted by the parties,[2] the Court finds and rules as follows:

## I. BACKGROUND

Plaintiff Guy Soderlind's neighbors (defendants Ursula Haigh, Terence Haigh, Christine Barton, and Cynthia Hart[3]) own adjoining residential lots facing Puget Sound. Dkt. # 30, ¶ 2; Dkt. # 32, ¶¶ 2, 4. A paved two-lane road (known as either "Seacoma Boulevard" or "Southwest 172nd Street") runs between their lots and the water. Dkt. # 32, Ex. D; Dkt. # 27, ¶ 4. After many years of disputes between Mr. Soderlind and his neighbors over Mr. Soderlind's presence on the beach and tideland in front of the neighbors' houses, in 2011

---

[2] Defendants Haigh, Haigh, Barton, and Hart move to strike evidence or argument presented for the first time in plaintiff's reply brief. Dkt. # 41. The Court has not relied on any evidence or argument newly raised in plaintiff's reply. Defendants Haigh, Haigh, Barton, and Hart also request oral argument on the motion for partial summary judgment. Dkt. # 29. The Court finds this matter suitable for disposition based on the materials submitted by the parties and therefore denies defendants' request for oral argument.

[3] Ms. Hart argues that she is not a party in interest to this motion, as she no longer owns the property at issue in this case. Dkt. # 29 at 13–17; Dkt. # 33, ¶ 5. Defendant City of Burien agrees, and asks the Court to consider the City's motion for partial summary judgment only as to the portion of Southwest 172nd Street that passes the properties of defendants Haigh, Haigh, and Barton. Dkt. # 35 at 1, 7–8. The resolution of this motion for partial summary judgment affects Mr. Soderlind's remaining claims against all defendants, including Ms. Hart, so the Court considers the City's motion as to the portion of Southwest 172nd Street that passes the properties of all four defendant neighbors. Dkt. # 26 at 7; Dkt. # 18, ¶ 16.4 (both seeking declaratory judgment as to the portion of Southwest 172nd Street that passes the properties of defendants Haigh, Haigh, Barton, and Hart).
So limited, consideration of the City's motion does not require the joinder of other Burien residents who own lots along Southwest 172nd Street. See Fed. R. Civ. P. 19(a)(1) (requiring joinder where the "person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may . . . as a practical matter impair or impede the person's ability to protect the interest").

ORDER GRANTING CITY OF
BURIEN'S MOTION FOR PARTIAL
SUMMARY JUDGMENT                    -2-

the neighbors sought and received from King County Superior Court protective orders barring Mr. Soderlind from being within eight feet of their properties. Dkt. # 30, ¶ 2; Dkt. # 32, ¶ 4. These two-year protective orders exempted "such portion of [the] tidelands lying within Seacoma Boulevard (now Southwest 172nd Street)." Dkt. # 18, ¶ 2.20; Dkt. # 23, ¶ 2.20. Mr. Soderlind alleges that in July 2013, he was arrested for violating one of the protective orders after his neighbors reported seeing him on the beach in front of their houses. Dkt. # 18, ¶¶ 2.21–2.22. He claims that the City of Burien filed a criminal complaint against him, but that these charges were ultimately dismissed. Dkt. # 18, ¶¶ 2.30, 2.33; Dkt. # 18-1, Ex. 7.

In December 2013, the neighbors moved for and were granted permanent protective orders against Mr. Soderlind. Dkt. # 30, ¶ 2; Dkt. # 32, ¶ 5. These permanent protective orders exempted from the forbidden area "such portion [of the neighbors' land] within Seacoma Boulevard." Dkt. # 32, Ex. C; Dkt. # 34, Ex. A.

Mr. Soderlind filed this suit in King County Superior Court in July 2015, claiming that his neighbors conspired with deputies of the King County Sheriff's Department to have him wrongfully arrested for trespassing on his neighbors' property. Dkt. # 18, ¶ 2.17.[4] Among various other forms of relief, Mr. Soderlind seeks a judgment declaring that Southwest 172nd Street, as it passes his neighbors' properties, is an 80-foot-wide public right-of-way, and thus

---

[4] In September 2015, Mr. Soderlind amended his complaint to add as defendants the City of Burien, King County, and several King County deputy sheriffs. Dkt. # 2-1 at 38. Defendant King County removed the case to federal court in October 2015. Dkt. # 1.

ORDER GRANTING CITY OF
BURIEN'S MOTION FOR PARTIAL
SUMMARY JUDGMENT                -3-

that the land within that right-of-way is open to the public. Dkt. # 18, ¶¶ 16.1–16.5. Mr. Soderlind's neighbors claim that their respective private lots extend past the paved road to the water's edge. Because Mr. Soderlind was allegedly arrested for walking on this beach, his right of access to the beach bears on his claim that his arrest was wrongful.

The City of Burien agrees with Mr. Soderlind that Southwest 172nd Street is an 80-foot-wide public right-of-way and seeks partial summary judgment on that issue alone. Mr. Soderlind joins the City's motion, Dkt. ## 28, 37; Mr. Soderlind's neighbors oppose it. Dkt. ## 29, 41.

## II.  DISCUSSION

**A.   Summary Judgment Standard**

Any party seeking to obtain declaratory judgment or against whom a declaratory judgment is sought may move for summary judgment. See Fed. R. Civ. P. 56(a). Summary judgment is appropriate when there is no genuine dispute as to any material fact which would preclude the entry of judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of identifying those portions of the pleadings, depositions, answers to interrogatories, admissions, and affidavits, if any, that demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party will bear the ultimate burden of persuasion on the issue at trial, it must present evidence that, if uncontroverted at trial, would entitle it to prevail on that issue. UA Local 343 v. Nor-Cal

ORDER GRANTING CITY OF
BURIEN'S MOTION FOR PARTIAL
SUMMARY JUDGMENT                    -4-

Plumbing, Inc., 48 F.3d 1465, 1473 (9th Cir. 1994).  Once the moving party has satisfied its burden, it is entitled to summary judgment if the nonmoving party fails to designate specific facts showing that there is a genuine issue of material fact for trial.  Celotex Corp., 477 U.S. at 324.  The Court will view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor.  Mueller v. Auker, 576 F.3d 979, 991 (9th Cir. 2009).

**B.     Scope of Southwest 172nd Street**

Both the City of Burien and Mr. Soderlind argue that Southwest 172nd Street is an 80-foot-wide public right-of-way because the original 1907 plat map of the neighborhood dedicated an 80-foot-wide street labeled "Seacoma Boulevard" to public use.  Dkt. # 26 at 2–3, 6; Dkt. # 18, ¶ 2.9–2.10.  Mr. Soderlind attached this plat map as an exhibit to his second amended complaint.  Dkt. # 18-1, Ex. 1.  The City of Burien attached this same plat map as an exhibit in support of its motion for partial summary judgment, along with a declaration from Burien Assistant Public Works Director Brian Roberts.  Dkt. # 27; Dkt. # 27, Ex. A.

The law of Washington provides for the intentional dedication of land for public use.  RCW 58.08.015.  Statutory dedication requires both (1) intentional dedication by the owner, shown "by the presentment for filing of a final plat or short plat showing the dedication thereon"; and (2) acceptance by the public, shown "by the approval of such plat for filing by the appropriate governmental unit."  RCW 58.17.020(3); Kiely v. Graves, 173 Wn.2d 926, 932

(2012).  The party asserting that the public has acquired a right to use an area as a public street bears the burden of establishing these two elements.  Sweeten v. Kauzlarich, 38 Wn. App. 163, 166 (1984).

In construing the language of a plat dedication and drawing, the Court looks first to "the intention of the dedicator as found in the plat itself as the controlling consideration in determining what portions of his platted land he actually dedicated to the public for street purposes."  Cummins v. King County, 72 Wn.2d 624, 626 (1967).  As to the type of interest conveyed, unless the dedication clearly states an intent to convey a fee interest in the land, Washington law presumes that a dedication for public use creates an easement only.  Kiely, 173 Wn.2d at 933–34; Rainier Ave. Corp. v. City of Seattle, 80 Wn.2d 362, 366 (1972).

The 1907 plat map includes a written "Dedication" in which the "owners in fee simple declare this said plat and dedicate to the use of the public forever the streets as laid out hereon." Dkt. # 27, Ex. A.  Among the streets marked on the map is "Seacoma Boulevard."  On the map, "Seacoma Boulevard" is platted as 80 feet wide.  Mr. Roberts's declaration states that this platted street corresponds to the paved road currently known as Southwest 172nd Street, though the declaration does not specify the width of the paved road.  Dkt. # 27, ¶¶ 3–6.  The plat map also includes a written "Acknowledgment" in which the King County Engineer and the Chairman of the Board of County Commissioners record their approval of the plat map.

ORDER GRANTING CITY OF
BURIEN'S MOTION FOR PARTIAL
SUMMARY JUDGMENT                        -6-

Mr. Roberts's declaration states that this plat map was filed June 4, 1907, and recorded under King County file number 491100. Dkt. # 27, ¶ 6.

The plat map's "Dedication" clearly expresses the owners' intent to dedicate an 80-foot-wide strip of land known as "Seacoma Boulevard" for public use. As the "Dedication" does not unequivocally express an intent to convey a fee interest, the Court reads it to convey an easement rather than a fee simple interest in the land. See Kiely, 173 Wn.2d at 933–34; Rainier Ave. Corp., 80 Wn.2d at 366. The plat map's "Acknowledgment" and subsequent recording clearly demonstrate acceptance of the dedication by the public. RCW 58.17.020(3); Kiely, 173 Wn.2d at 932. On this record, a fact-finder could not reasonably conclude that Southwest 172nd Street was not dedicated to the public as an 80-foot-wide right-of-way. Accordingly, the City of Burien has met its burden on this issue.

In opposition to the City's motion for partial summary judgment, defendants Haigh, Haigh, Barton, and Hart do not dispute the validity or the content of the 1907 plat map. Rather, they argue that the plat map does not conclusively prove that the beach was dedicated to public use. Dkt. # 29 at 9–13. The defendants also argue that their ownership of the beach and tideland was established at the protective order proceedings in King County Superior Court. Dkt. # 29 at 3; Dkt. # 32, ¶ 4.

But ownership of the beach per se is not the issue currently before the Court: rather, the City of Burien requests declaratory judgment on the question whether the public right-of-way

ORDER GRANTING CITY OF
BURIEN'S MOTION FOR PARTIAL
SUMMARY JUDGMENT                  -7-

comprising Southwest 172nd Street is 80 feet wide.  To the extent this public easement overlaps with the beach and tideland area, the public has a right to access the land, regardless of who owns the land itself.[5]  City of Olympia v. Palzer, 107 Wn.2d 225, 229 (1986) (recognizing that an easement is a right "distinct from ownership").  Where the precise boundaries of this right-of-way lie, and whether Mr. Soderlind was within those boundaries when he allegedly walked on the tideland in front of his neighbors' homes, are questions not before the Court on this motion.

 The defendants also argue that because Mr. Soderlind raised the public right-of-way at the protective order proceedings in 2011 and 2013, both Mr. Soderlind and the City of Burien are collaterally estopped from claiming a public right-of-way across the tidelands.  Dkt. # 29 at 17–19.  As the City of Burien was neither party nor privy to the protective order proceedings, collateral estoppel does not bar its motion for partial summary judgment on this issue.  Parklane Hosiery Co., Inc. v. Shore, 439 U.S. 322, 326 (1979).

Finally, the defendants argue that Mr. Roberts's declaration should be stricken on the grounds that he is testifying as an unidentified expert witness.  Dkt. # 29 at 6–9.  But in his declaration Mr. Roberts testifies on the basis of his personal knowledge and rational perception, not on the basis of specialized or technical knowledge, so his declaration is admissible under Federal Rule of Evidence 701.  United States v. Aubrey, 800 F.3d 1115, 1129 (9th Cir. 2015)

---

[5] The language of defendants' protective orders reflect this:  Mr. Soderlind is barred from the defendants' property, less "such portion of [the] tidelands lying within Seacoma Boulevard (now Southwest 172nd Street)."  Dkt. # 18, ¶ 2.20; Dkt. # 23, ¶ 2.20.

ORDER GRANTING CITY OF
BURIEN'S MOTION FOR PARTIAL
SUMMARY JUDGMENT                                 -8-

(concluding that while lay witness "might have been eligible to be certified as an expert," witness's testimony was permissible under FRE 701 because it was restricted "to the areas in which he had personal knowledge").

As the defendant neighbors have failed to raise a genuine issue of material fact regarding the scope of the public right-of-way known as Southwest 172nd Street, judgment in defendant City of Burien's favor is appropriate on this single issue.

### III. CONCLUSION

For all of the foregoing reasons, the City of Burien's motion for partial summary judgment (Dkt. # 26), in which plaintiff joins (Dkt. # 28), is GRANTED. The Court concludes that Southwest 172nd Street as it passes the properties of defendants Haigh, Haigh, Barton, and Hart is an 80-foot-wide public right-of-way.

DATED this 8th day of November, 2016.

*MMS Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING CITY OF
BURIEN'S MOTION FOR PARTIAL
SUMMARY JUDGMENT                -9-