UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GUY ROBERT SODERLIND, JR.,

          Plaintiff,

    v.

URSULA J. HAIGH, *et al.*,

          Defendants.

No. C15-1655RSL

ORDER GRANTING THE PROPERTY OWNER DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT AND REMANDING CLAIMS FOR DECLARATORY JUDGMENT

This matter comes before the Court on "Defendants Haighs' and Hart's Motion for Summary Judgment" (Dkt. # 81)[1] and "Defendant Barton's Motion for Summary Judgment" (Dkt. # 83). Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact that would preclude the entry of judgment as a matter of law. The party seeking summary dismissal of the case "bears the initial responsibility of informing the district court of the basis for its motion" (Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)) and "citing to particular parts of materials in the record" that show the absence of a genuine issue of material fact (Fed. R. Civ. P. 56(c)).

---

[1] Defendant Cynthia Sue Hart passed away after the original complaint in this matter was filed. Rehberg Law Group, PLLC, the personal representative of Ms. Hart's estate, was substituted as a defendant in this matter. Dkt. # 57.

ORDER GRANTING THE PROPERTY OWNER
DEFENDANTS' MOTIONS FOR SUMMARY
JUDGMENT AND REMANDING CLAIMS FOR
DECLARATORY JUDGMENT

1  Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-
2  moving party fails to designate "specific facts showing that there is a genuine issue for trial."
3  Celotex Corp., 477 U.S. at 324. The Court will "view the evidence in the light most favorable to
4  the nonmoving party . . . and draw all reasonable inferences in that party's favor." Krechman v.
5  County of Riverside, 723 F.3d 1104, 1109 (9th Cir. 2013). Although the Court must reserve for
6  the jury genuine issues regarding credibility, the weight of the evidence, and legitimate
7  inferences, the "mere existence of a scintilla of evidence in support of the non-moving party's
8  position will be insufficient" to avoid judgment. City of Pomona v. SQM N. Am. Corp., 750
9  F.3d 1036, 1049 (9th Cir. 2014); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).
10 Summary judgment should be granted where the nonmoving party fails to offer evidence from
11 which a reasonable jury could return a verdict in its favor. FreecycleSunnyvale v. Freecycle
12 Network, 626 F.3d 509, 514 (9th Cir. 2010).

    Having reviewed the memoranda, declarations, and exhibits submitted by the parties, having heard the arguments of counsel, and taking the evidence in the light most favorable to plaintiff, the Court finds as follows:

    At all times relevant to this litigation, defendants Ursula and Terence Haigh, Cynthia Hart, and Christine Barton lived next to each other on waterfront property in Burien, Washington. Plaintiff Guy Soderlind lived on the hillside behind them. In December 2011, after a full evidentiary hearing, defendants obtained three anti-harassment orders barring plaintiff from entering or being upon their properties, except for the paved road that crosses their lots and parallels the waterfront. The Honorable J. Wesley Saint Clair made an effort to accommodate plaintiff's need to traverse the bisecting road, SW 172nd Street, while keeping plaintiff away from defendants, their residences, and their beachfront. When plaintiff's counsel attempted to argue that the public had an 80 foot right-of-way (which was considerably wider than the paved

road) and sought a determination regarding who owned the land under the extended right-of-way, Judge Saint Clair was nonplussed. It simply did not matter to him. He had concluded that plaintiff was harassing his neighbors, and his intent was to craft an order of protection that was not focused on property ownership or easement rights, but rather provided a zone in which defendants could feel safe and secure. At the end of the hearing, all parties seemed to be in agreement regarding what plaintiff could and could not do. As summarized by plaintiff's own lawyer, if a dispute were to arise in the future, the issue would be fairly simple: "Is he on the road or off the road? So if he's in front of their house, he should be on the road. If he goes off the road, then he's in violation." Dkt. # 86-9 at 20.

On July 14, 2013, plaintiff crossed the beach in front of defendants' houses. Defendants separately contacted the police to report a violation of the anti-harassment orders they had obtained, the investigating officers made probable cause determinations, and plaintiff was arrested on July 16, 2013. The prosecuting attorney of the City of Burien filed charges against plaintiff, which were resolved by stipulation. Plaintiff filed this lawsuit in 2015, asserting claims under 42 U.S.C. § 1983 and state law against the neighbors, the police officers, and King County. The claims against the officers and King County have been dismissed.

**A. 42 U.S.C. § 1983**

In order to establish a claim under 42 U.S.C. § 1983, plaintiff must show that the action occurred "under color of law" and deprived plaintiff of a constitutional or federal statutory right. Parratt v. Taylor, 451 U.S. 527, 535 (1981). A private person can act "under color of law" if the conduct allegedly causing the deprivation was fairly attributable to the state. Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982). Attribution can arise where "state officials and private parties have acted in concert in effecting a particular deprivation of constitutional rights," otherwise known as the "joint action test." Franklin v. Fox, 312 F.3d 423, 445 (9th Cir. 2002).

1 | Joint action can be shown through evidence of a conspiracy to violate constitutional rights or
2 | through evidence that the state has insinuated itself into a position of interdependence with the
3 | private party and knowingly accepts the benefits of that party's unconstitutional conduct. Tsao v.
4 | Desert Palace, Inc., 698 F.3d 1128, 1140 (9th Cir. 2012).

The Court has already found that there is no evidence from which a reasonable jury could conclude that there was a meeting of the minds or other illicit agreement between the complaining property owners and the officers to violate plaintiff's constitutional rights. "[M]erely complaining to the police does not convert a private party into a state actor." Collins v. Womancare, 878 F.2d 1145, 1155 (9th Cir. 1989). It is undisputed that the impetus for the property owners' actions was purely private and that their role as complainants was separate and distinct from that of the investigating and arresting officers. Although plaintiff takes issue with the adequacy of the officers' investigation, an investigation was, in fact, made and the Court has found that probable cause existed for his arrest. There is no evidence of a prearranged plan or policy that devolved the police power of the state to the private property owners. Absent some evidence that defendants Haigh, Hart, and Barton were acting at the behest of the police or that the state actors deferred to the private parties' judgment when exercising the power of the state, their conduct cannot be fairly attributed to the state. Plaintiff's Section 1983 claims against these defendants fail as a matter of law.

**B. State Law Claims Related to or Arising From the Arrest**

Plaintiff asserts state law claims of defamation, intentional infliction of emotional distress, negligent infliction of emotional distress, conspiracy, false arrest, false imprisonment, and malicious prosecution. All of these claims (except a portion of the defamation claim) arise out of defendants' complaints to law enforcement regarding an alleged violation of the anti-harassment orders. Pursuant to RCW 4.24.510, "[a] person who communicates a complaint or

1 information to any branch or agency of federal, state, or local government . . . is immune from
2 civil liability for claims based upon the communication to the agency . . . regarding any matter
3 reasonably of concern to that agency . . . ."

An immunity from suit allows defendant to avoid liability, regardless of the merits of plaintiff's claim, and is therefore considered a defense that must be affirmatively pled in the answer. See Fed. R. Civ. P. 8(c); Phoenix Trading, Inc. v. Loops LLC, 732 F.3d 936, 942 (9th Cir. 2013). Defendants did not do so. Nevertheless, the Court has the discretion to allow defendants to assert an immunity defense at this point in the litigation. Under Washington law, an affirmative defense is generally waived if it is not affirmatively pled, asserted in a motion under Rule 12(b), or tried by the express or implied consent of the parties. Farmers Ins. Co. v. Miller, 87 Wn.2d 70, 76 (1976). Plaintiff obviously does not consent to the RCW 4.24.510 defense being interposed at this point in the proceeding and has objected to its trial. None of the normal means of preserving a defense therefore apply. "However, if the substantial rights of a party have not been affected [by the failure to affirmatively plead a defense], noncompliance is considered harmless and the defense is not waived." Bernsen v. Big Bend Elec. Co-op., Inc., 68 Wn. App. 427, 434 (1993). Similarly, under federal law, "[a]lthough Rule 8 requires affirmative defenses to be included in responsive pleadings, absent prejudice to the plaintiff, the district court has discretion to allow a defendant to plead an affirmative defense in a subsequent motion." Simmons v. Navajo Cty., 609 F.3d 1011, 1023 (9th Cir. 2010).

Plaintiff argues that he would be severely prejudiced if defendants were permitted to assert immunity under RCW 4.24.510 at this point in the litigation. His argument about the need to conduct discovery regarding the facts on which this defense depends is unavailing. The facts on which defendants rely in asserting this defense have been known since the very beginning of the case: plaintiff alleged in his first complaint that "defendants Haigh, Barton and Hart falsely

ORDER GRANTING THE PROPERTY OWNER
DEFENDANTS' MOTIONS FOR SUMMARY
JUDGMENT AND REMANDING CLAIMS FOR
DECLARATORY JUDGMENT            -5-

reported to the King County Sheriff that plaintiff had violated the existing restraining orders on July 14, 2013, when he walked on the beach in front of their residences and paddled out to his boat moored nearby." Dkt. # 1-1 at ¶ 2.21. These allegations effectively establish the immunity defense, and plaintiff identifies no other relevant facts that had to be discovered.

Plaintiff also argues that defendants' delay in raising the RCW 4.24.510 defense prevented him from accurately evaluating the potential costs and benefits of pursuing this litigation. The statute not only provides immunity to persons in defendants' position, it also provides for an award of "expenses and reasonable attorney's fees incurred in establishing the defense" and an award of "statutory damages of ten thousand dollars." It appears that plaintiff may not have known of all of the risks associated with the claims he chose to assert, but whether there is any prejudice arising from defendants' delay is doubtful. Defendants are entitled only to those expenses and fees which were "incurred in establishing the defense." They have not requested an award of fees at this point, but any such award would not include fees expended on activities that would have been unnecessary had the defense been raised in a more timely manner. Nor has plaintiff explained how an earlier claim of statutory immunity would have saved him from an award of statutory damages: once the complaint was filed, those damages came into play.

The Court will exercise its discretion to allow defendants to raise the RCW 4.24.510 defense at this point in the litigation. The immunity clearly applies: defendants were reporting potential wrongdoing to governmental entities and were therefore engaged in exactly the type of public petition that the statute was intended to protect from retaliatory lawsuits. Absent any appreciable prejudice to plaintiff, no point would be served in depriving defendants of the immunity the legislature meant them to have and which they have now claimed.

ORDER GRANTING THE PROPERTY OWNER
DEFENDANTS' MOTIONS FOR SUMMARY
JUDGMENT AND REMANDING CLAIMS FOR
DECLARATORY JUDGMENT               -6-

**C. Defamation Claim**

To the extent plaintiff argues that defendants defamed him by reporting violations of the anti-harassment orders to the police, defendants are immune from suit under RCW 4.24.510. Plaintiff also argues that Ms. Hart, acting in a conspiracy with Ms. Barton and Mr. and Mrs. Haigh, defamed him by publicly stating:

> Kevin:
> The police would never waste their time in arresting a person for walking on or enjoying the beach. However, if there has been a decade of harassment from an individual and a group of neighbors were forced to get a [sic] orders of protection and anti harassment orders, issued through the superior courts, and that individual decides to violate the court order . . . yes then they are arrested. We have a wonderful community down here with great neighbors but there is always one bad apple in every barrel. It is fairly simple!

Dkt. # 82-1 at 15. This statement was not made to a branch or agency of government and is not, therefore, immunized from suit under RCW 4.24.510. Nevertheless, it is not actionable.

"The elements a plaintiff must establish in a defamation case are falsity, an unprivileged communication, fault, and damages." Mohr v. Grant, 153 Wn.2d 812, 822 (2005). Plaintiff asserts that Ms. Hart "blogged to the public the false statement that a person, who could only reasonably be Guy Soderlind, had been arrested for violating the order of protection. No violation was ever proven. No violation occurred on July 14, 2013." Dkt. # 95 at 15. In substance, Ms. Hart's statements were accurate: a person had been arrested for violating the court's anti-harassment order. Plaintiff takes issue with the subsumed declaration that the individual had violated the order, arguing that plaintiff was never convicted and had not, in fact, violated the order. The Court need not resolve this factual issue. Falsity, in the context of a private plaintiff, requires "a showing that in publishing the statement, the defendant knew or, in the exercise of reasonable care, should have known that the statement was false . . . ." Mark v.

Seattle Times, 96 Wn.2d 473, 483 (1981). From Ms. Hart's perspective, she had a valid court order prohibiting plaintiff from being anywhere on her property other than the paved lanes of SW 172nd Street, plaintiff violated that order, and he was arrested following a police investigation of her complaint. There is no evidence from which a jury could conclude that Ms. Hart knew or should have known, given the language of the order and what she saw on July 14, 2013, that her statement was false. She certainly was under no obligation to credit an interpretation of the order that was seemingly rejected by the issuing judge during the evidentiary hearing.

**D. Declaratory Judgment Claims**

In his thirteenth, fourteenth, and fifteenth causes of action, plaintiff seeks declarations that (1) the permanent anti-harassment orders issued in December 2013 are unconstitutional as applied, (2) the beach in front of defendants' houses is public property to the extent it lies within the 80 foot wide right-of-way known as Seacoma Boulevard/SW 172nd Street, and (3) the public has a prescriptive easement to the beachfront. These claims raise state law issues[2] regarding the

---

[2] To the extent plaintiff's thirteenth cause of action arises under 42 U.S.C. § 1983, it is dismissed. First, the Court will abstain from hearing a claim which, at its base, asserts that a state court decision was erroneous and collaterally challenges the decision. See Lance v. Dennis, 546 U.S. 459, 463 (2006) (applying the Rooker-Feldman doctrine). The propriety of the anti-harassment orders are now before the Washington Court of Appeals. Depending on the resolution of underlying issues related to state property law, the interpretation of the orders, and the power of the state courts, any federal constitutional issue may be mooted or presented in an entirely different posture in the future. Colo. River Water Conservation Dist. v. U.S., 424 U.S. 800, 814 (1976). Second, there is no reasonable inference that the state was attempting to chill plaintiff's First Amendment activities when it restrained him from coming within eight feet of defendants' property except as necessary to traverse SW 172nd Street. The Superior Court conducted a full evidentiary hearing before finding that plaintiff had harassed his neighbors and issuing protective orders. Although those orders had the effect of regulating plaintiff's access to what may (or may not) be a public forum, the state has the power to protect its citizens through the issuance of anti-harassment orders and the enforcement thereof. Finally, the property-owner defendants are not state actors subject to liability under Section 1983.

ORDER GRANTING THE PROPERTY OWNER
DEFENDANTS' MOTIONS FOR SUMMARY
JUDGMENT AND REMANDING CLAIMS FOR
DECLARATORY JUDGMENT            -8-

propriety of a court under the Washington State Constitution, the landowners' rights in property that is burdened by an easement, the public's rights in property that arguably has not been utilized for the purposes for which a public right-of-way had been granted, the landowners' rights in tidelands between the high and low tide marks, prescriptive easements, the courts' power to restrain certain members of the public from entering otherwise publicly-accessible areas, etc. Although this case has been pending for a number of years already, this case raises intertwined and complex issues of state property law, and the appeal of the anti-harassment orders that is currently pending in state court. The Court therefore declines to exercise supplemental jurisdiction over these state law claims now that all claims over which it had original jurisdiction have been dismissed. 28 U.S.C. § 1367(c); Acri v. Varian Assocs., Inc., 114 F.3d 999, 1001 (9th Cir. 1997) (considering "values of economy, convenience, fairness, and comity" when determining whether to exercise supplemental jurisdiction).

For all of the foregoing reasons, the motions for summary judgment filed by defendants Haigh, Hart, and Barton (Dkt. # 81 and 83) are GRANTED. With the exception of the declaratory judgment claims regarding issues of state law, all claims asserted against these defendants are DISMISSED with prejudice. Plaintiff's claims seeking a declaration of state law are hereby REMANDED to King County Superior Court.

Dated this 11th day of May, 2018.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING THE PROPERTY OWNER DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT AND REMANDING CLAIMS FOR DECLARATORY JUDGMENT        -9-